## STATE OF FLORIDA ex rel. SIR RICHARDS, INC. v. LEWIS

Case No. 84-739

Second Judicial Circuit, Leon County

September 28, 1984

**APPEARANCES OF COUNSEL**

**Bruce A. McDonald, Emmanuel, Sheppard & Condon,** for relator.
**Craig Willis** for respondent.

**OPINION OF THE COURT**

BEN C. WILLIS, Circuit Judge

This matter was brought before the court for final hearing upon the Relator's Petition for Writ of Mandamus to the Respondent, as Comptroller of the State of Florida, to compel the refund of some $11,649.30 in sales tax paid by Relator under protest to the Department of Revenue. The material facts are not in dispute, and both parties have filed a stipulation of facts in lieu of any testimony.

The court finds that mandamus is the proper remedy for refund of a sales tax paid under protest, where the matter before the Court is, as here, a dispute of law between the parties.

The legal dispute before the court as to the tax paid under protest is the applicability of Section 212.10, Florida Statutes (1983) to a situation in which a person, such as Relator herein, has purchased the assets, or substantially all of the assets, of a delinquent sales tax dealer through a judicial sale in foreclosure. The pertinent part of subsection (1) of Section 212.10 provides:

(1) If any dealer liable for any tax, interest or penalty levied hereunder shall sell out his business or stock of goods, he shall make a final return and payment . . .; his successor, successors, or assigns shall withhold a sufficient portion of the purchase money to safely cover the amount of such taxes, interest, or penalties. . . . If the purchaser of a business or stock of goods shall fail to withhold a sufficient amount of the purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accruing and unpaid on account of the operation of the business by any former owner, owners, or assigns.

Florida law requires that statutes imposing taxes must be clear and specific and will be liberally construed in favor of the taxpayer. The court finds that the "sale" which is the subject of the above statutory language should be construed to mean a transaction between a buyer and a seller, neither of which is compelled to enter into the transaction, and both of which are aware of the consequences thereof. The court finds that such judicially enforced sales as foreclosures and bankruptcies are not contemplated by the statutory language. The statute contemplates a voluntary sale by a buyer directly to the seller and is therefore not applicable to the Relator's acquisition of property herein through a judicial foreclosure.

The Relator is entitled to a refund of the sales tax paid under protest, and is further entitled to its taxable costs. It is therefore

ORDERED AND ADJUDGED that Relator's Petition for Writ of Mandamus is hereby granted, and the Respondent is directed to draw his warrant in the amount of the sales tax paid under protest, that being $11,649.30, plus costs awarded herein in the amount of $46.50 for a total of $11,695.80, payable to Relator.